MEMORANDUM OF DECISION ON PLAINTIFF’S MOTION AND MEMORANDUM TO CHANGE DATE AND PLACE FOR DEPOSITION REQUESTED BY DEFENDANT
WILSON, Judge.
The Plaintiff commenced this Discriminatory Employment Practices action by filing a complaint in this court on December 9, 2002. After numerous preliminary pleadings, issue was joined on December 9, 2004 when the Plaintiff filed an objection to Defendant’s answer and special defenses. The court treats this pleading as a reply which denies the Defendant’s special defenses. On December 3, 2004 the court set this matter down for trial on March 31, 2005. The trial will be held in this court on that date, and succeeding court days, if necessary.
On December 6, 2004 the Defendant issued a Notice of Deposition in which it noticed the deposition of this Plaintiff at the Mohegan Tribal Council Legal Department conference room in Uncasville, Connecticut on December 29, 2004. On December 13, 2004 the Plaintiff filed a Motion and Memorandum to change the date and place of the deposition. The Plaintiff objected to the date of the deposition because she could not take time off from work at that particular time. She objected to the place of the deposition because the Plaintiff resides in the state of Louisiana and it would be a financial hardship for her to take the necessary time off from work *499 and pay for .a trip to Connecticut, She suggested that the Defendant pay for her expenses to attend this deposition or to use a Louisiana law firm to take the deposition to this particular issue. She makes other allegations that are not material to this particular issue.
The Defendant objects to Plaintiffs Motion, as to the place of the deposition. (The Defendant has no objection to a reasonable continuance of the deposition to a mutually convenient time, provided that it is at least four weeks prior to the trial). The Defendant specifically objects to eon-ducting the deposition in Louisiana, and to paying for the Plaintiffs expenses to attend the deposition at the Mohegan Reservation.
Under Rule 35, “Any party to an action may be compelled by notice as provided in § 36(c) to give a deposition at the following locations: 1. At any location within Con-nectieut which is within 60 miles of the court; 2. Within 30 miles of his residence or place of employment; 3. Such other place as is fixed by order of the court.”
Under this Rule the Defendant was enti-tied to notice the deposition at the office of the Defendant’s counsel which is in Connecticut within 60 miles of this court. There is no authority to order the Defendant to pay any of the Plaintiffs expenses.
Under Rule 36.C.9. “... the court may upon motion order that a deposition be taken by telephone.” For the purpose of this proceeding, the court will treat Plaintiffs instant motion as such a motion, and grants the motion only insofar as it is deemed a motion to take the deposition by telephone. The court also grants the motion with respect to a reasonable continu-anee of the deposition. In all other respects the Plaintiffs motion is denied.
It is therefore ORDERED, that the Plaintiffs deposition he taken by telephone at a time mutually agreed upon by the parties, but no later than March 3, 2005. If the parties are unable to agree upon a time, it is ordered that the deposition shall be taken on Thursday, March 3, 2005, at 11:00 AM EST, 10:00 AM CST with the Defendant to make the necessary arrangements for such deposition.
The Plaintiff is ordered to make photocopies, at her expense, of any and all documentation, reports, notes or other written materials regarding the allegations contained in her complaint and/or regarding her employment with the Defendant, and to provide such copies to Defendant’s legal counsel, prior to the start of her deposition.
So ordered.